IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENT BERNBECK, KELSEY BERNBECK, CRAIG BERNBECK, JONATHAN ALLEY, and JOE KINGSLEY, | ) ) ) ) ) ) | 4:10CV3001 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| JOHN A. GALE, Nebraska Secretary of State, and NANCY A. MORFELD, City Clerk of the City of Stanton, Nebraska, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on defendant John A. Gale's motion to dismiss claims against him in his individual capacity, Filing No. 16, and defendant Nancy Morfeld's motions to dismiss, Filing Nos. 14 and 28. This is an action for declaratory and injunctive relief for deprivation of rights brought pursuant to 42 U.S.C. § 1983. The plaintiffs allege deprivation of First Amendment rights in connection with enforcement of the State of Nebraska's statutes governing petitions and initiatives.[1] The plaintiffs seek a declaration that the statutes are unconstitutional and an order enjoining their enforcement.

After the defendants filed motions to dismiss, the plaintiffs were granted leave to file an amended complaint. Filing No. 25, Motion to Amend; Filing No. 26, Order; Filing No. 27, Amended Complaint. Accordingly, the motions directed at the earlier complaint will be

---

[1] The plaintiffs challenge the constitutionality of the local residency requirement for chief sponsors of petitions in Neb. Rev. Stat. § 18-2515, the limitations on signatures by qualified electors in Neb. Rev. Stat. § 18-2524, the limitations on functioning as qualified electors in Neb. Rev. Stat. § 18-2510, the definitional restrictions found in Neb. Rev. Stat. § 32-110, the ban on payments to circulators of petitions in Neb. Rev. Stat. § 32-630(3)(g), and the state residency requirement for circulators found in Neb. Rev. Stat. § 32-629.

denied as moot. Defendant Morfeld has renewed her motion to dismiss with respect to the amended complaint.[2] Filing No. 28.

In the amended complaint, the plaintiffs assert claims against the defendants in their official capacities. Defendant Morfeld moves to dismiss the plaintiff's claim for attorney's fees, asserting that the City of Stanton cannot be liable for a damages remedy. She also asserts that her actions were not taken pursuant to a custom or policy of the City of Stanton, Nebraska, but were taken under the mandatory directives of state law. This challenge appears to be a hybrid assertion of sovereign and/or qualified immunity.

The real party in interest in an official-capacity suit is the governmental entity and not the named official. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The only immunities available to a defendant in an official-capacity action are those that the governmental entity possesses. *Hafer,* 502 U.S. at 25. The principle of sovereign immunity bars suits against States but not lesser entities. *Alden v. Maine*, 527 U.S. 706, 756 (1999) (noting that "[t]he immunity does not extend to suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State"); *see also Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 47 (1994) (stating that "cities and counties do not enjoy Eleventh Amendment immunity"). In an official-capacity action, the absolute or qualified immunity defenses are not available. *Kentucky v. Graham*, 473 U.S. at 166; *Owen v. City of Independence*, 445 U.S. 622, 657

---

[2]In the report on the parties' Rule 26(f) planning meeting, defendant Gale indicates that he contests the jurisdiction of the court, contending that the plaintiffs lack standing and there is no case or controversy, but that counsel for the parties do not wish to delay proceedings in this matter until the jurisdictional issues are resolved, and defendant Gale will present standing and case or controversy issues at the time of trial. *See* Filing No. 33.

(1980) (holding that municipalities are not afforded qualified immunity for their good-faith constitutional violations).

To "establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. at 166 (emphasis in original).  More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "'moving force'" behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.  *Id.; see Monell v. Department of Social Servs. of New York,* 436 U.S. 658, 694 (1978) (when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts an injury, the government as an entity can be held responsible under § 1983).  There must also be a direct causal link between the violation and a deliberate choice made by the municipality to follow a particular course of action from among various alternatives.  *See City of Canton v. Harris*, 489 U.S. 378, 386 (1989); *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986).

Under *Ex parte Young,* a private party can obtain prospective injunctive relief in federal court against a state official, even if the Eleventh Amendment otherwise protects the state and its officials from being sued in federal court.  *Ex parte Young*, 209 U.S. 123, 159 (1908).  A state's Eleventh Amendment immunity does not prevent "an award of attorney's fees ancillary to a grant of prospective relief" pursued under *Ex parte Young. Missouri v. Jenkins*, 491 U.S. 274, 279 (1989).

The court finds that the plaintiffs' claim for attorneys' fees is not subject to dismissal. The plaintiffs seek only declaratory and injunctive relief. In the amended complaint, the plaintiffs allege specific conduct by Morfeld in her capacity as city clerk that indicates a deliberate choice to follow a course of action with respect to the petitions submitted by the plaintiffs. The court finds plaintiffs' amended complaint adequately states a claim for relief and defendant Morfeld's motion to dismiss should be denied. Accordingly,

IT IS ORDERED:

1. Defendants' motions to dismiss (Filing Nos. 14 and 16) are denied as moot.

2. Defendant Morfeld's motion to dismiss the plaintiffs' amended complaint (Filing No. 28) is denied.

3. Defendant Morfeld shall file a responsive pleading within 14 days of the date of this order.

DATED this 6th day of August, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.